IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTOINE SWANSON § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL NO. 3:18-CV-0072-L (BH) |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition for writ of habeas corpus should be **DENIED** with prejudice.

### I.  BACKGROUND

Antoine Swanson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for murder.  The respondent is Lorie Davis, Director, TDCJ-CID (Respondent).

**A.  State Court Proceedings**

Petitioner was convicted of murder in Cause No. F-9204117 in Criminal District Court No. 2 of Dallas County, Texas, on October 22, 1993, and sentenced to 25 years' confinement. (*See* doc. 18-4 at 20[1]). On March 20, 1996, the Fifth Court of Appeals affirmed judgment. *See* http://www.search.txcourts.gov/Case.aspx?cn=05-93-01867-CR&coa=coa05.  On September 25,

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2017, Petitioner filed two state habeas applications challenging the denial of parole. (*See* doc. 18-2 at 18; doc 18-4 at 25). In November 2017, the Texas Court of Criminal Appeals (CCA) dismissed both applications as non-compliant. (*See* doc. 18-1; doc. 18-3).

**B.     Substantive Claims**

Petitioner's habeas petition, received on December 28, 2017, appears to raise the following ground:

(1) The Texas Board of Pardons and Parole (the Board) violated his Fourteenth Amendment right to due process and equal protection when it denied him parole by:

(a) "subjecting Petitioner to disparate treatment;"

(b) failing to consider all written documentation in Petitioner's case;

(c) denying a rehearing; and

(d) failing to "make or consider" certain parole recommendations.

(*See* doc. 3 at 6-7). Respondent filed a response on May 22, 2018. (*See* doc. 17). Petitioner did not file a reply.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Under to § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"). In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of Petitioner's claims.

### III. DUE PROCESS

Petitioner appears to claim that the criteria used to deny him parole violated his right to due process because the Board failed to take into consideration education and rehabilitation programs he had completed, failed to consider all documents in his case, denied him a rehearing on the decision to deny parole, and failed to recommend that he be released to a 'treatment program.' (*See* doc. 3 at 6-7).

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of

3

the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Id*. at 305, 308–09.

Because Petitioner has no constitutional right to be released on parole prior to discharging his sentences, he fails to state a claim on which federal habeas relief can be granted.

## IV. EQUAL PROTECTION

Petitioner claims that he was denied his right to equal protection because the Board denied his parole, although "the same similar situated offenders" were released on parole or at least given a "fair parole hearing." (*See* doc. 3 at 6-7; *see also* doc. 4.)

To establish an equal protection claim, a petitioner "must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury." *Johnson*, 110 F.3d at 306 (internal quotations omitted). Petitioner's general claims fail to meet this burden. He has not alleged any suspect class of which he is a member, and he has not shown that he was discriminated against based on a suspect classification, or that any alleged differences in parole procedures are not reasonably related to a legitimate purpose. *See Johnson*, 110 F.3d at 306-07. He simply asserts that the Board is treating him differently than similarly situated inmates. (*See* doc. 3 at 6-7; doc. 4). His conclusory allegations are insufficient to justify habeas relief. *See Clark v.*

4

*Owens*, 371 F. App'x 553, 554 (5th Cir. 2010) (conclusory assertions that inmate was treated differently than other similarly situated inmates in repeated denials of parole insufficient to state equal protection claim); *Kyles v. Garrett*, 222 F. App'x 427, 429 (5th Cir. 2007) (prisoner's conclusory allegations that others similarly situated had been granted parole insufficient to state equal protection claim) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Because Petitioner has not demonstrated he was denied equal protection, he fails to state a claim on which federal habeas relief can be granted.

## V. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** on this 28th day of February, 2019.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE